Murray v. State.    [Vol. 23 (N.S.)

## AS TO PROCEDURE IN A FIRST DEGREE MURDER TRIAL.

Circuit Court of Cuyahoga County.

WILLIAM MURRAY v. STATE OF OHIO.

Decided, October 12, 1912.

*Trials—Criminal Law—Indictment Need Not Follow Words of Statute —Illustrations May be Used in Charge to Jury—Proof Beyond Reasonable Doubt Not Required as to all Circumstances—Failure to Define "Attempt to Rob" Not Error in Trial for Murder While Attempting to Rob—Not Error to Fail to Instruct as to Lesser Crime, When—Misconduct of Jury, How Proven.*

1. The identical words of a statute need not be used in an indictment charging an offense in violation of it, but it is sufficient if the offense charged is brought substantially within the provisions of the statute defining it.

2. In defining circumstantial evidence, it is not error for the court in its charge to the jury to use illustrations drawn from common experience or based upon familiar events in everyday life.

3. In a criminal prosecution, it is not essential that every fact and circumstance be proven beyond a reasonable doubt, if every essential link in the chain of circumstances necessary to prove each or any of the charges, is so proven.

4. In the trial of one accused of having committed murder while attempting to perpetrate a robbery, the failure of the court to define an attempt to perpetrate a robbery is not error where no such definition is requested.

5. In the trial of one indicted for first degree murder it is not prejudicial error on the part of the court to fail to charge the jury that they might find defendant guilty of assault and battery, where under the charge as given the jury might have found the defendant guilty of a crime of lesser degree than that of which they did in fact find him guilty.

6. Misconduct on the part of the jury can not be proven by the affidavit of one of the jurors.

*H. M. Hagelbarger,* for plaintiff.
*F. J. Rockwell,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

William Murray, the plaintiff in error, was indicted by the grand jury of Summit county for murder in the first degree on account of the alleged murder of one Frank Price. He was tried and convicted of murder in the second degree. A motion for a new trial was overruled and he was sentenced to life imprisonment in the penitentiary.

By this proceeding in error a reversal of the judgment of the court of common pleas is asked.

The indictment contains eight counts. The first count charges the crime to have been committed with a club; the second count, with the fists; the third count, with the hands and feet; the fourth count, with a razor, and the last four counts respectively charge the crime to have been committed by means of the several instrumentalities enumerated in the first four counts, while the accused was engaged in an attempt to perpetrate a robbery upon the said Frank Price.

A motion to quash the indictment was filed and overruled. A demurrer to the indictment was then filed which was also overruled.

Among the errors claimed to have been committed by the court below is the overruling of the motion to quash and the overruling of the demurrer.

The motion to quash was based upon two grounds: First, that in the last four counts of the indictment it is charged that the defendant assaulted the said Frank Price with intent to rob him, and also that the assault upon the said Frank Price was made by the defendant with the intent unlawfully and purposely to kill and murder. Second, that in each of said counts, it is alleged that the assault was committed "whilst engaged in the attempt to perpetrate a robbery," while the exact words of the statute are "in attempting to perpetrate a robbery."

As to the first of those grounds it is sufficient to say, that in order to charge murder in the first degree while the accused is attempting to perpetrate a robbery, the indictment must allege facts sufficient to show an attempt to commit robbery as defined by Section 12432, General Code, since the attempt to perpetrate robbery takes the place of deliberate and premeditated malice.

The counts objected to do nothing more than comply with this requirement and are not open to the objection urged.

In *Blair* v. *State,* 5 C. C., 496, this question was raised, and it was there held:

"An indictment charging the crime of murder in the first degree, wherein the killing was done at the time the accused was attempting to perpetrate a robbery, is not bad for duplicity on the ground that in the same count it charges an assault with intent to rob. Such averments are essential in charging the crime of murder." See also, *Jackson* y. *State,* 39 O. S., 37.

The second ground of objection to the last four counts of the indictment stated in the motion to quash, is also without foundation. The words "whilst engaged in the attempt to perpetrate robbery," used in the indictment, are the equivalent of the words of the statute, "attempting to perpetrate robbery." The identical words of the statute need not be used. It is sufficient if the offense charged is brought substantially within the provisions of the statute defining it. *Loeffner* v. *State,* 10 O. S., 598.

The grounds urged in support of the demurrer which was filed to the indictment are, that: first, in none of the counts is the location of the mortal wound stated; second, that in the third and seventh counts there is an allegation that the injuries were inflicted in several different ways, and the counts are objectionable because of duplicity; third, in the fifth, sixth, seventh and eighth counts, two intents are alleged and the words of the statute are not followed.

The last of these grounds has already been considered in connection with the motion to quash. An examination of the indictment discloses no basis for the other two contentions urged in support of the demurrer.

It is claimed on behalf of the plaintiff in error that the trial court committed error in embodying in the charge an illustration on the subject of circumstantial evidence. The court used this language:

"Circumstantial evidence is as competent as direct evidence. The weight of it, the credibility of it, is solely a question for the jury, guided by the rules of reason in common, ordinary, everyday human experience. Let me illustrate briefly the difference in

a homely way. .You retire at night after a day dusty, dry and hot. You sleep soundly all night, wake up in the morning, find the sky clear with a burning sun, but the streets are generally muddy, the gutters are filled with water, the grass is generally more green and very wet; you did not see it or hear it rain; yet you can say with reasonable certainty it rained last night. Your neighbor came home at midnight. He saw, heard and felt the pelting rain. He knows with equal certainty that it rained last night. This is direct evidence. You get the distinction.''

It is claimed that this was a far-fetched and fateful illustration and well calculated to mislead and prejudice the jury.

The use by the court of illustrations drawn from common experience or based upon familiar events in everyday life has been repeatedly upheld. Illustrations which are apt and clearly made and not of such a character as to cause the jury to lose sight of the issue to be determined, are often helpful in making clear a legal proposition which would otherwise be difficult of comprehension. It is not error to employ such illustrations. *Neal* v. *Powell,* 130 Ga., 756; 61 S. E., 729; *Whitney* v. *Wellesley, etc., R. Co.,* 197 Mass., 493; 84 N. E., 95; 38 Cyc., 1071.

We do not see how any juror could have been deceived by the illustration complained of, especially in view of the fact that it was immediately preceded by the positive instruction that the weight and credibility of circumstantial evidence was solely a question for the jury, guided by the rules of reason in common, ordinary, everyday human experience.

It is also contended that the court erred in using the following language in the charge:

''Not every fact and circumstance in this case needs to be proven beyond a reasonable doubt, but every. essential link in the chain of circumstances necessary to prove each or any of the charges, as claimed by the state, must be proven beyond a reasonable doubt.'' ·

The language used in *Brick et al* v. *State,* 4 C. C., 160, is an answer to the objections urged against that portion of the charge just quoted. On page 176, Baldwin, J., said:

''It is not true that, in order to convict a person of a crime, all those circumstances that may be material in the case must be

established beyond a reasonable doubt. It is quite possible and probable that there may be a large number of circumstances, no one of which will be established beyond a reasonable doubt, but yet the aggregate of those various circumstances, the number all pointing one way to the guilt of the accused, may be such that there can be no reasonable doubt that the accused is guilty of the crime that is charged. It is true, that when what is to be proved is supported by a chain of circumstances that are dependent one upon the other, that in order to convict of the crime on that proof each of these must be established; that is, that it is an essential fact that must be proven beyond a reasonable doubt.''

The charge in that case was substantially like the one here in the respect complained of. It was approved by this court and the decision was affirmed by the Supreme Court without report, 21 W. L. B., 204.

It is urged that the court erred in not defining an attempt to perpetrate a robbery. After giving to the jury a definition of the crime of robbery the court said:

''Having the definition of robbery, you will know what it would mean to speak of an attempt to perpetrate a robbery.''

There is in Ohio no crime specifically known as an attempt to commit robbery. Having defined robbery, it is doubtful if any further explanation would have added to the understanding of the jury as to what was meant by an attempt to perpetrate a robbery, even if an additional explanation had been requested. No further explanation or request, however, was asked for and the failure of the court to give a more detailed and comprehensive instruction on this subject was not reversible error. State v. Schilly, 70 O. S., 1.

It is urged also that the jury should have been instructed that if they found that the defendant actually perpetrated the robbery, then they could not convict him under any of the counts charging him with having committed the crime while engaged in the attempt to commit a robbery. In the perpetration of a robbery, however, is involved the attempt. Even if it had been requested it would not have been proper to charge the jury on this subject in the manner indicated.

It is claimed that the court erred in omitting to instruct the jury that they might return a verdict of assault and battery if they saw fit.

If it should be admitted that such an instruction would have been proper, it does not appear that the accused was prejudiced by the omission.   Under the instructions given, a verdict of manslaughter might have been returned, but a verdict of guilty of murder in the second degree was in fact returned.   It is clear that the jury would not have found the defendant guilty of assault and battery when they did not exercise the right given them to find him guilty of as low a degree of crime as they might have done under the charge.

Moreover, the death of Frank Price was so clearly established and the other evidence in the case was such, that a verdict of assault and battery would not have been justified, and it was therefore not error for the court to omit any instruction that would have authorized such a verdict.

The contention is made also that the defendant could not lawfully be convicted of murder in the second degree under the seventh count of the indictment, but only of murder in the first degree.

In *Lindsay* v. *State,* 69 O. S., 215, a conviction of murder in the second degree under an indictment similar to the charge contained in the seventh count was sustained.   In the opinion, page 235, it is said:

"The current of decisions in this state justifies the conclusion that an indictment, good as to murder in the first degree, embraces necessarily the lower grades of homicide, and that when this is the case presented, the jury may, if the facts proven warrant it, acquit of the graver offense and convict of the lower."

Another claim of error is based on the refusal of the trial court to grant a new trial on the ground of misconduct of the jury.

In support of the charge of misconduct, an affidavit of one of the jurors was presented setting forth, in substance, that after the jury had retired to their deliberations, and before a verdict had been reached, the foreman of the jury, who was the affiant,

had held some communication with the bailiff in charge of the jury on the subject of whether or not the court would instruct the jury only on a point of law and not as to the penalty on the different degrees of murder.  Such a communication was highly improper if made as detailed in the affidavit, but the court could not consider the charge of misconduct supported by this affidavit alone, because of the well established rule, applicable to civil and criminal cases alike, that the depositions or testimony of a juror will not be received, on a motion for a new trial, to impeach the verdict by showing misconduct or misbehavior on the part of the jury.

This rule is said to be framed "for the purpose of setting bounds to the discretion of the court in granting new trials" and to be "founded on reasons of public policy."   *Hulett* v. *Barnett*, 10 O. S., 459; *Farrer* v. *State*, 2 O. S., 54.

In *Kent* v. *State*, 42 O. S., 426, the rule is stated in paragraph 4 of the syllabus in the following language:

"Where a juror in a criminal case makes no statement with respect to the matter on trial until the jury retires to deliberate on their verdict, and then makes to his fellow-jurors a statement of matters alleged to be within his own knowledge, contradicting . in an important particular the testimony of one of the defendant's witnesses, and the defendant is convicted, ground is afforded by such misconduct for a new trial, where the fact is properly made to appear, but the affidavits of jurors will not be regarded for the purpose of setting aside the verdict, until misconduct of the jury is shown *aliunde*."

We find no error, prejudicial to the plaintiff in error in any of the matters complained of, and the judgment is affirmed.